**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000829
11-OCT-2017
08:14 AM**

NO. CAAP-16-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYNALEEN M. BARNES, also known as
Raynaleen N. Nunuha, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-16-0000823)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

Defendant-Appellant Raynaleen M. Barnes, also known as
Raynaleen M. Nunuha, appeals from a Judgment and Notice of Entry
of Judgment, entered by the District Court of the First Circuit,
Honolulu Division ("District Court"), on November 18, 2016.[1]
The District Court convicted Barnes of one count of assault
against a law enforcement officer in the second degree, in
violation of Hawaii Revised Statutes ("HRS") § 707-712.6.[2]

On appeal, Barnes argues that the District Court (1)
reversibly erred and violated her constitutional right to testify
in her own defense by failing to engage her in a sufficient
colloquy that was a "true exchange" under *Tachibana v. State*, 79
Hawai'i 226, 900 P.2d 1293 (1995); (2) erroneously denied her
motion for a mistrial on the basis that the employment of Judge
Mitsuyama's husband by the Prosecutor's Office created an

---

[1]     The Honorable Dyan K. Mitsuyama presided.

[2]     HRS § 707-712.6(1) (2014) provides, "A person commits the offense
of assault against a law enforcement officer in the second degree if the
person recklessly causes bodily injury to a law enforcement officer who is
engaged in the performance of duty."

appearance of impropriety, Judge Mitsuyama failed to disclose her potential conflict of interest prior to trial, and there was insufficient evidence that HRS § 601-7 and Rule 2.11 of the Hawai'i Code of Judicial Conduct did not apply to require recusal or disqualification; and (3) violated Barnes's right of allocution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Barnes's appeal as follows.

Although Plaintiff-Appellee State of Hawai'i concedes Barnes's first point of error, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted).

The District Court failed to obtain on the record Barnes's knowing, voluntary, and intelligent waiver of her right to testify. *See State v. Monteil*, 134 Hawai'i 361, 369, 341 P.3d 567, 575 (2014) (recognizing Hawai'i's historically protected right to testify and right not to testify while stressing the importance of ensuring that a waiver of one's fundamental right to testify is "intelligent and voluntary"); *State v. Pomroy*, 132 Hawai'i 85, 91, 319 P.3d 1093, 1099 (2014) (noting that the right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; Article I, Sections 5, 10, and 14 of the Hawai'i Constitution; and HRS § 801-2 (1993) and highlighting the protection of that right by obtaining an on-the-record waiver); *State v. Staley*, 91 Hawai'i 275, 287, 982 P.2d 904, 916 (1999) ("A defendant's waiver of a constitutional right must be

knowing, intelligent, and voluntary."). After the State rested its case, the District Court engaged Barnes in the following, "ultimate colloquy":

> THE COURT: Yes. Ms. Barnes, as I indicated to you the last time we were at court, you do have the right to testify in your own defense. Although you should consult with your attorney regarding the decision to testify, it is your decision. No one can take that away from you. You also have a constitutional right not to testify. If you decide not to testify, I can't hold that against you. Have you made a decision as to whether you're going to testify or not testify?
>
> [Barnes]: Yes, ma'am.
>
> THE COURT: What is your decision?
>
> [Barnes's counsel]: We can have one minute, your honor? I'm sorry.
>
> THE COURT: Sure.
>
> [Barnes's counsel]: And, your honor, after further conversations with my client, thank you, I do believe that . . . defense will also be resting.
>
> THE COURT: Okay. She will not be testifying? Is that correct?
>
> [Barnes]: Yes.

First, the court failed to advise Barnes that if she testified, the State would have the opportunity to cross-examine her. *See Tachibana*, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7 (1995) (providing the guidelines for court to sufficiently advise criminal defendants of their right to testify and to sufficiently obtain an on-the-record waiver of that right in cases where defendant does not testify); *State v. Han*, 130 Hawai'i 83, 93 n.8, 306 P.3d 128, 138 n.8 (2013) (finding it critical that even though Han's counsel indicated that Han did not intend to testify, Han may have changed his mind if the trial court had advised him that the State could cross-examine him if he did testify). Second, the court also failed to engage Barnes in a "true colloquy" to ascertain that she understood the proceedings and her rights. *See Pomroy*, 132 Hawai'i at 93, 319 P.3d at 1101 (distinguishing between a "true colloquy" and a mere recitation of "a litany of rights"). The court "recited a litany of rights" without ever asking her if she understood. *Id.* Further, the court did not obtain her waiver of her right to testify directly from her, but through her attorney. *See State v. Hoang*, 94

3

Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000) (a defendant's waiver of the right to testify must be obtained directly from the defendant, not by proxy).

The District Court's failure to conduct a sufficient *Tachibana* colloquy was not harmless beyond a reasonable doubt. *See Tachibana*, 79 Hawai'i at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."); *Hoang*, 94 Hawai'i at 279, 12 P.3d at 379 ("[I]t is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case."). The record does not indicate what Barnes would have said had she testified. Thus, it is unknowable whether the State would have established beyond a reasonable doubt that she committed the offense, had she testified. *See Pomroy*, 132 Hawai'i at 94, 319 P.3d at 1102.

Given the foregoing, we need not address Barnes's second[3/] and third points of error.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the First Circuit, on November 18, 2016, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, October 11, 2017.

On the briefs:

Audrey L. Stanley,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3/] Our ruling is without prejudice to a motion to recuse or disqualify on remand.